IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CURCY A. RIDEAU, III | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv119 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Curcy A. Rideau, III, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner contends he was denied due process of law in connection with prison disciplinary case number 20210134589. In that case, petitioner was convicted of possessing an unauthorized controlled substance. As a result of the disciplinary conviction, petitioner received the following punishment: (a) forfeiture of 365 days of previously-earned good conduct time credits; (b) 60 days of telephone restriction; (c) 45 days of cell and recreation restriction; (d) demotion to a more restrictive custody classification; and (e) demotion to a classification where he will earn fewer days of good conduct time credits.

Analysis

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 478 (1995). As a general rule, the only sanction that imposes upon a liberty interest is the loss of good conduct time credits for inmates whose release on mandatory supervision will be delayed by the loss of the credits. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Petitioner states he is not eligible for release on mandatory supervision. As the punishment imposed as a result of the disciplinary conviction did not implicate a protected liberty interest, petitioner was not entitled to due process before the punishment was imposed. The petition for writ of habeas corpus should therefore be denied.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be denied.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

SIGNED this 30th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge