IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CURCY A. RIDEAU, III | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv119 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Curcy A. Rideau, III, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary conviction. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received the Report and Recommendation of United States, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections lack merit. As petitioner is not eligible for release on mandatory supervision, the punishment he received as a result of his disciplinary conviction did not entitle him to due process of law in connection with the disciplinary proceeding. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Washington v. Davis*, 792 F. App'x 331, 333 (5th Cir. 2020). In his objections, petitioner states that as a result of the disciplinary conviction he was removed from college classes and lost his federal student aid. However, an inmate has no protectable liberty interest in educational classes. *Ketzel v. Trevino*, 2001 WL 822462, at *1 (5th Cir. June 18, 2001). As a result, the court concludes petitioner's objections are without merit.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion that the petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented in the petition are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised in his petition are subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue.

**SIGNED** this the 22 day of **September, 2022.**

_____
Thad Heartfield
United States District Judge